IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Citigroup Global Markets Inc., a corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>Janet Early, an individual; Richard K. King, an individual; Wayne L. Meyer, an individual; and Presidio Group Wealth Management LLC, an Arizona limited liability company.<br><br>  Defendants. | No. 05-CV-709-TUC-FRZ<br><br>**TEMPORARY RESTRAINING ORDER** |

On November 30, 2005, Plaintiff Citigroup Global Markets Inc. (Citigroup)[1] filed a Complaint, an Application for Temporary Restraining Order and Preliminary Injunction, and a Declaration by a Citigroup senior vice president.  Citigroup's attorney filed a certificate stating that attorney Barry M. Corey informed him that he would be representing the Defendants and that Citigroup's attorney provided Mr. Corey with copies of the Complaint, Application, and Declaration on November 30, 2005.

On December 2, 2005, the Court contacted Plaintiff's attorney and Mr. Corey by telephone and informed them that a hearing on the application for a temporary restraining

---

[1] Defendants Janet Early, Richard K. King, and Wayne L. Meyer (the Individual Defendants) were employed as financial consultants with Citigroup's Smith Barney division. Thus, in this Order, the term "Citigroup" encompasses Citigroup's Smith Barney division.

order would be held that afternoon. The hearing was held as scheduled. Plaintiff's attorney and Mr. Corey were both present and made arguments to the Court.

After considering the Complaint, the Application, the Declaration, the exhibits attached thereto, a Supplemental Declaration filed on December 2, 2005, the arguments of counsel, and the standard for issuing a temporary restraining order,[2] the Court determines that a temporary restraining order is appropriate.

The Court finds that:

1. Under Section 10335 of the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. (the "NASD"), Citigroup Global Markets Inc. has the right to seek interim injunctive relief pending an arbitration hearing on the merits before a duly-appointed NASD Panel.

2. Citigroup's rights with respect to its property, proprietary and confidential information, competitive interests, and contract rights with Defendants Janet Early, Richard K. King, and Wayne L. Meyer (the Individual Defendants) are

---

[2] "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). "The standard for a preliminary injunction balances the plaintiff's likelihood of success against the relative hardship to the parties." *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999). To obtain a preliminary injunction, the moving party must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." *Id.*

These tests are not distinct; they represent "the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'" *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987) (quoting *San Diego Comm. Against Registration & the Draft (CARD) v. Governing Bd. of Grossmont Union High Sch. Dist.*, 790 F.2d 1471, 1473 n.3 (9th Cir.1986)). *See also Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000) ("[T]he required degree of irreparable harm increases as the probability of success decreases."). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

being and will continue to be violated by Defendants unless Defendants are restrained in the manner set forth below.

3. Citigroup has demonstrated a substantial likelihood of success on the merits of its claims.

4. Citigroup will suffer irreparable harm and loss if Defendants are permitted to:
   (a) solicit the brokerage business of those customers of Citigroup who are subject to the Frazier and Jenks Franchise Protection Program Agreements that are attached to the Complaint as Exhibits 2 and 3, and
   (b) conduct their own business through the use of confidential records and information of Citigroup.

5. Citigroup has no adequate remedy at law.

6. The Individual Defendants expressly and contractually consented to the issuance of a temporary restraining order and preliminary injunction in the Frazier and Jenks Franchise Protection Program Agreements that are attached to the Complaint as Exhibits 2 and 3.

7. Greater injury will be inflicted upon Citigroup if temporary injunctive relief is denied than would be incurred by Defendants if the relief requested is granted.

8. The public interest would be served by a grant of the requested relief.

In light of the foregoing,

**IT IS ORDERED** that Plaintiffs' Application for a Temporary Restraining Order (U.S.D.C. document #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Defendants, and each of them, are hereby **ENJOINED AND RESTRAINED**, directly or indirectly, whether acting alone or in concert with others, including

any officer, agent, representative, and/or employee of Wachovia Securities Financial Network, LLC and its affiliates, from:

    A.    Soliciting by mail, phone, personal meeting, or by any other means, either directly or indirectly, any "Core Book" accounts, as defined in the Frazier and Jenks Franchise Protection Program Agreements that are attached to the Complaint as Exhibits 2 and 3, to: (1) transfer from Citigroup to Defendants Early, King, Meyer, Wachovia, or Presidio Group LLC; (2) open a new account with Early, King, Meyer, Wachovia, or Presidio Group LLC; or (3) otherwise discontinue its patronage and business relationship with Citigroup.

    B.    Disclosing, copying, or using any Confidential Information regarding any Citigroup accounts (including without limitation the "Core Book" client accounts), including those clients' identities, addresses, trading practices, strategies or preferences, margin information, purchasing and marketing techniques, sales information, correspondence, records, financial information, and all other data, material and facts pertaining to the such clients.

2.    Defendants shall immediately return to Citigroup all originals, copies or other reproductions, or derivatives, in any form whatsoever, of any such record or information as described in paragraph B, above.

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of the Court.

**IT IS FURTHER ORDERED** that the parties are granted leave to commence discovery immediately in preparation for preliminary injunction proceedings.

**IT IS FURTHER ORDERED** that pending a preliminary injunction hearing before this Court, and pursuant to § 10335(a) of the NASD Code of Arbitration Procedure and §§ 3 and 4 of the Federal Arbitration Act, the parties are directed to proceed toward expedited

arbitration on the merits of the controversy before a full Panel of arbitrators appointed in accordance with § 10335(a) of the NASD Code of Arbitration Procedure.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL POST** a bond of $20,000.00 with the Clerk of the Court **on or before Wednesday, December 7, 2005**.

**IT IS FURTHER ORDERED** that a **PRELIMINARY INJUNCTION HEARING** is set for Thursday, **December 22, 2005, at 2:00 p.m.**, at the Evo A. DeConcini United States Courthouse, 405 West Congress, Courtroom 5A, Tucson, Arizona 85701.

    A.    **On or before Monday, December 19, 2005**, the parties shall file with the Court, and serve on all other parties, all memoranda, affidavits, and other evidence on which they intend to rely at the preliminary injunction hearing.

    B.    If any party intends to present the testimony of any witness at the preliminary injunction hearing, the party shall file with the Court, and serve on all other parties, a statement disclosing the name, address, and summary of the witness' expected testimony, or the witness' affidavit or declarations revealing the substance of the expected testimony, **on or before Monday, December 19, 2005**.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL SERVE** Defendants and their counsel, with a copy of this Order and every document that has been filed with the Court, with all deliberate speed, but **no later than Wednesday, December 7, 2005**.

DATED this 2nd day of December, 2005, at 5:20 p.m.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge